UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CRAIG SILMAN,

                      Plaintiff,

      -against-                                 6:14-CV-0432 (LEK/TWD)

UTICA COLLEGE, *et al.*,

                      Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Craig Silman ("Plaintiff") commenced this action on April 16, 2014, alleging, *inter alia*, unlawful discrimination and retaliation pursuant to 29 U.S.C. § 794(a). Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiff's Motion for a preliminary injunction. Dkt. No. 6 ("PI Motion"). For the following reasons, Plaintiff's Motion is denied.

**II.    BACKGROUND**[1]

Prior to commencing this action, Plaintiff was enrolled as a student at Utica College. Compl. ¶ 3. Plaintiff "is a qualified person with a disability," who "receives accommodation from Utica College for his disabilities." Id. ¶¶ 12-13.

On October 30, 2013, Plaintiff obtained a doctor's note excusing him from school for five days due to shoulder pain. Id. ¶ 15. Plaintiff submitted the doctor's note to all of his professors and requested additional time to take tests and turn in assignments. Id. ¶¶ 15-17. All of Plaintiff's instructors granted Plaintiff's request, except for Defendant Tyson Kreiger ("Kreiger"), who taught

---

[1] The Court recounts only those facts directly pertinent to Plaintiff's pending Motion. For a full statement of Plaintiff's allegations, reference is made to the Complaint.

Plaintiff's microbiology course. Id. ¶¶ 17-20; PI Mot. at 6.

On November 13, 2013, Plaintiff confronted Kreiger and "insisted Kreiger tell [Plaintiff]" why he would not grant Plaintiff's request. Compl. ¶¶ 22, 24. Later that day, Plaintiff was "notified by Utica Public Safety that [Plaintiff] was to have no contact with Kreiger and he was removed from class." Id. ¶ 25. On November 19, 2013, Plaintiff met with Defendant Alane Varga ("Varga"), Dean of Students at Utica College, who informed Plaintiff that he could not return to Kreiger's class "because Kreiger felt intimidated by [Plaintiff] . . . [and] an investigation would be conducted to determine wrongdoing." Id. ¶¶ 7, 26.

On December 17, 2013, Plaintiff "demanded to know the results of the investigation." Id. ¶ 28. The same day, Plaintiff "learned that he received a grade much lower tha[n] had been reported as part of the mid-term grades." Id. ¶ 27. Defendant John Johnson ("Johnson"), Dean of Arts and Sciences at Utica College, informed Plaintiff that "his grade would be administratively changed to a P so that it would have a neutral effect on his admission to the Utica College Nursing Program," but that Plaintiff would not be permitted to retake the class. Id. ¶¶ 6, 33-34.

On April 4, 2014, at approximately 6:00 A.M., Plaintiff "sent a scathing email to Johnson indicating his displeasure with Johnson and how [Plaintiff] had been treated by Utica College." Id. ¶ 44. A few hours later:

> [Plaintiff] was intercepted by Utica College Public Safety Officers and escorted to the Public Safety Office. Members of the Utica College Police Department were present as well. [Plaintiff] was then given a letter indicating that he ha[d] been administratively withdrawn from campus and the [Department of Veteran's Affairs] ha[d] been refunded any tuition paid for the semester.

Id. ¶ 45.

In the Motion, Plaintiff requests that the "Court immediately reinstate [Plaintiff] so that he can finish the courses he needs to take so that he can be academically eligible to attend a nursing school after the end of the semester." PI Mot. at 4.

### III. LEGAL STANDARD

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Id.; see Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35 n.4 (internal quotation marks omitted).

### IV. DISCUSSION

Plaintiff alleges that he:

will suffer irreparable harm if he is not allowed to return to Utica College and finish Microbiology 203. In order to be admitted to Utica College's nursing program, or any other nursing program, a student must complete a course in microbiology. If [Plaintiff] is not allowed to finish Microbiology 203 then he will have to wait until 2015 before he

3

can attend [t]he Utica nursing program.

PI Mot. at 9; see also id. at 17.

However, subsequent to filing the Motion, Plaintiff informed the Court that he "took affirmative action and completed microbiology at another accredited University in order to be academically eligible to attend nursing school in the fall." Dkt. No. 31 ("Reply") at 4; see also id. (noting that Plaintiff took "the class elsewhere since program prerequisites can be taken at other accredited universities").

Although Plaintiff alleges several violations in his Complaint, the sole relief requested in the Motion is reinstatement for the purpose of completing the requisite Microbiology class so that Plaintiff will be eligible to apply for admission to nursing school. See PI Mot. at 9, 17. Because Plaintiff has since completed the Microbiology course, he has failed to show irreparable harm. See, e.g., Marcy Playground, Inc. v. Capitol Records, 6 F. Supp. 2d 277, 282 (S.D.N.Y. 1998).[2] "Failure to establish 'irreparable harm is alone sufficient for a court to deny injunctive relief' to the moving party." Linder v Delles, No. 12-CV-0581, 2012 WL 1884649, at *1 (N.D.N.Y. May 22, 2012) (quoting Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir.1990)). Accordingly, Plaintiff's Motion for a preliminary injunction is denied.

V. **CONCLUSION**

Accordingly, it is hereby:

---

[2] The Court notes that even if Plaintiff had not yet completed the Microbiology course, he still would be unable to show irreparable harm. As Plaintiff concedes, "program prerequisites can be taken at other accredited universities." Reply at 4; see also Phillips v. Marsh, 687 F.2d 620, 624 (2d Cir. 1982) (Winter, J., concurring) (finding a lack of irreparable harm where plaintiff sought academic reinstatement following her expulsion because "[t]here are no lack of colleges or universities which she might attend if all that is at stake is loss of instruction time").

4

**ORDERED**, that Plaintiff Craig Silman's Motion (Dkt. No. 6) for a preliminary injunction is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Letter Motions (Dkt. No. 38; 52) seeking status updates are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 27, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge